IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE FLAGG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 07-2175 |
| JAMES WYNDER, ET AL., | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF MONTGOMERY, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA | : | |
| TOM CORBETT | : | |
| Defendants. | | |

**MEMORANDUM**

**Baylson, J.**                                                                                                **March 27, 2008**

**I.      Introduction**

Petitioner, Lonnie Flagg, filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The undersigned referred the case to Chief Magistrate Judge Charles B. Smith for a Report and Recommendation ("R&R") on the merits. Magistrate Judge Smith filed his R&R (Doc. No. 6) on August 6, 2007, and presently before the Court are Petitioner's Objections to the R&R (Doc. No. 34), which he timely filed on November 30, 2007, after having been granted two extensions of time.

Upon independent and thorough review, and for the reasons stated below, this Court denies Petitioner's objections and accepts Magistrate Judge Smith's R&R.

**II.     Background and Procedural History**

According to the record before the Court, Petitioner was convicted on January 8, 2004, in Montgomery County, of leaving the scene of an accident, criminal mischief, and two counts of recklessly endangering another person.[1]  On May 30, 2004, Judge Hodgson sentenced the Petitioner to an aggregate term of three-and-a-half to eight years imprisonment.  Petitioner appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence.

On May 5, 2005, Petitioner filed a pro se petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), and the PCRA court ultimately dismissed the petition without a hearing.  Petitioner appealed the decision of the PCRA court, and the Pennsylvania Superior Court affirmed the PCRA court's decision on July 19, 2006.

Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. No. 1) on May 30, 2007, and makes the following claims:  1) ineffective assistance of counsel for not objecting to lack of jury instruction on self-defense; 2) ineffective assistance of counsel for failing to impeach government witnesses, failing to investigate a relevant car accident, and failing to present evidence regarding the car accident; 3) abuse of trial court's discretion for failing to instruct jury on self-defense; 4) abuse of trial court's discretion for denying Petitioner an evidentiary hearing; and 5) gross prosecutorial misconduct for failing to disclose exculpatory evidence and failing to disclose potential witnesses.[2]  The government responded to Mr. Flagg's petition on July 3, 2007

---

[1] The two counts of reckless endangerment refer to two different victims.  Thus, one count refers to Petitioner recklessly endangering Ms. Nugent and a separate count refers to Petitioner recklessly endangering Ms. Rudisill.

[2] Mr. Flagg's petition itself combines claim 3 and 4.  However, the R&R separates them for analytical purposes, and this Court will do so as well.

(Doc. No. 5), and as noted above, Magistrate Judge Smith filed his R&R (Doc. No. 6) on August 6, 2007, and Petitioner filed his Objections to the R&R (Doc. No. 34) on November 30, 2007.

**III.     Parties' Contentions**

    **A.     Summary of Magistrate Judge's Report and Recommendations**

The R&R found that Petitioner's Claims 3, 4, and 5, noted above, were all procedurally defaulted. According to the R&R, Claims 3 and 5 were defaulted because Petitioner did not raise them on direct appeal. Claim 4 was defaulted because Petitioner inadequately raised the claim on direct appeal in that he mentioned the claim but did not analyze or discuss it. The Pennsylvania Superior Court explained that Petitioner did not even address Claim 4 in the body of his brief. The Superior Court thus determined that Petitioner had waived the claim, and Magistrate Judge Smith agreed with that determination.

The R&R found that Petitioner did not demonstrate cause for the procedural default or prejudice resulting from the default. Furthermore, Petitioner did not show that failing to consider the claims would result in a fundamental miscarriage of justice, and the R&R concluded that the default on Claims 3, 4, and 5 could not be excused.

The R&R divided Petitioner's ineffective assistance of counsel claims (Claims 1 and 2, supra) into three categories: failure to object to lack of self-defense jury instruction; failure to use prior inconsistent statements to impeach witnesses; and failure to argue or present evidence concerning the car accident or to investigate the same car accident.

As to Petitioner's claim that counsel failed to object to the lack of a self-defense jury instruction, Magistrate Judge Smith concluded that the evidence presented at trial did not warrant a self-defense jury instruction. According to the R&R, the Petitioner did not establish the

elements of self-defense at trial. The R&R found that Petitioner's claim that counsel failed to impeach witnesses had no merit because the statements Petitioner asserts should have been used to impeach were not attributed to the testifying witnesses. Magistrate Judge Smith found Petitioner's last claim of ineffective assistance of counsel to be without merit because Petitioner did not point to evidence that would have helped his case.

### B.     Petitioner's Objections

Petitioner objects to the R&R on several grounds. First, Petitioner appears to argue that Claim 3 is not procedurally defaulted because Petitioner in fact raised the issue in a pro se motion, but Judge Hodgson refused to consider it.[3]

Petitioner then disputes Magistrate Judge Smith's finding that he was not entitled to a self-defense instruction. Petitioner claims that his own testimony provided the foundation for a self-defense jury instruction.

Next, Petitioner argues that there actually is cause for his procedural default in that, as noted above, he attempted to file a pro se motion with Judge Hodgson, and Judge Hodgson did not accept the motion. Petitioner also claims that he suffered prejudice because he was denied a hearing, but he does not explain this contention.

Petitioner then turns to his claim of ineffective assistance of counsel but does not address the R&R at this point. Instead, Petitioner sets forth his arguments as to why his counsel was ineffective. For example, Petitioner contends that his attorney should not have filed a notice of appeal if the attorney knew he would not represent the Petitioner on appeal. Petitioner also

---

[3] Petitioner appears to confuse his trial proceedings with his appellate proceedings, as is discussed in greater detail below.

argues that he begged his attorney to collect evidence regarding the accident, but the attorney did not do so. Finally, Petitioner appears to argue that he did not know his counsel would file the notice of appeal on his behalf and therefore his counsel could not have been effectively representing him.

## IV.  Discussion

### A.  Standards of Review

#### 1.  General

In ruling on objections to the R&R of a United States Magistrate Judge, this Court reviews *de novo* only the findings of the R & R that Petitioner specifically objects to. 28 U.S.C. § 636(b)(1). See also Fed.R.Civ.P. 72.

#### 2.  Claims Properly Raised in State Court

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings" only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to clearly established Federal law" if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at

[an opposite] result." Williams v. Taylor, 529 U.S. 362, 405 (2000).  A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the "state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams, 529 U.S. at 407-08).  An objectively unreasonable application differs from an incorrect one, and only the former warrants habeas relief.  Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

With regard to factual determinations, a federal habeas court must presume state court findings of fact are correct.  28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only by clear and convincing evidence.  Id.  Under § 2254(d)(2), a federal court may grant relief if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

If the state court has adjudicated a claim on its merits, we consider the claim under AEDPA's deferential standard of review.  On the other hand, if Petitioner fairly presented a claim to the state court (i.e., exhausted it), but the state court completely failed to address it, or refused to consider it because of an inadequate procedural bar, we review the claim de novo. Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005) ("In cases where the AEDPA standards of review do not apply, federal habeas courts apply pre-AEDPA standards of review."); Holloway v. Horn, 355 F.3d 707, 718 (3d Cir. 2004) (reviewing a claim de novo because Petitioner presented it to the Pennsylvania Supreme Court, but the court "failed to even mention" it).

### 3. Procedurally Defaulted Claims

In general, if the state court did not consider a claim because the prisoner did not raise it, it is considered procedurally defaulted and a federal court may not review it. See 28 U.S.C. § 2254(b)(1)(A). Under controlling case law, a federal court can only consider procedurally defaulted claims if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). The court in McCandless also explained:

> As a general rule, federal courts may exercise the power to consider habeas applications only where "it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion rule requires applicants to "fairly present" federal claims to state courts before bringing them in federal court. When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is "an absence of available State corrective process." In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his or her default.

Id.

It is well-established that to show cause, a petitioner must demonstrate that an "objective factor external to the defense impeded [the] efforts to comply with the State's procedural rule." Id. at 753; Murray v. Carrier, 477 U.S. 478, 488 (1987); Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). Meanwhile, to establish prejudice, the petitioner must show that the error "worked to [his] *actual* and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170

(1982) (emphasis in original). Alternatively, procedurally defaulted claims are subject to federal review if the petitioner can demonstrate that failure to consider these claims would result in a fundamental miscarriage of justice. This second exception requires the petitioner to show that "it is more likely than not that no reasonable juror would have convicted him" in light of reliable, new evidence not offered at trial, thereby establishing "actual innocence." Calderon v. Thompson, 523 U.S. 538, 559 (1998); Schlup v. Delo, 513 U.S. 298, 324 (1995).

### 4. Ineffective Assistance of Counsel Claims

In order to establish a claim of ineffectiveness, a petitioner must show that counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's performance is deficient only if it "fell below an objective standard of reasonableness." Id. at 688. In assessing counsel's performance, a court must begin with the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if Petitioner establishes that counsel's conduct was "professionally unreasonable," the Sixth Amendment is not violated unless there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome" of the trial. Id.

### B. Discussion[4]

### 1. Procedural Default of Claim 3

As noted above, Petitioner argues that Claim 3 is not procedurally defaulted because

---

[4] This section addresses Petitioner's objections in the order that Petitioner presents them.

Petitioner in fact raised the issue in a pro se motion, but Judge Hodgson ignored his motion. Petitioner seems to misunderstand procedural default. In Petitioner's case, Judge Hodgson was not his appellate judge, but his trial and sentencing judge.

A claim is procedurally defaulted if a petitioner does not raise it on direct appeal. Picard v. O'Connor, 404 U.S. 270, 275-276 (1971); McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 696 (E.D. Pa. 2006) ("In order to exhaust her claims, a petitioner must present every claim in her habeas petition for every available level of state court review.") Petitioner argues that his trial judge, Judge Hodgson, ignored his pro se motion, but this allegation, even if true, does not indicate that Petitioner was prevented from raising Claim 3 on direct appeal.[5] Petitioner does not illustrate, in his Petition or in his Objections, that he properly exhausted Claim 3 in state court, and Claim 3 is procedurally defaulted.[6]

### 2.    Self-defense Jury Instruction (Ineffective Assistance of Counsel)

The R&R concluded that the evidence presented at Petitioner's trial did not support a self-defense jury instruction, and Petitioner objects to that conclusion. According to the R&R, because there was insufficient evidence to support a self-defense jury instruction, a failure to

---

[5] Furthermore, in order to properly exhaust a claim, a petitioner must raise it in state court and allege that it is a violation of the United States Constitution. Merely raising the claim as a general wrong does not suffice. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Even if Petitioner raised Claim 3 on direct appeal, in order to have properly exhausted, he must also have alerted the court to the fact that he was raising the claim under the United States Constitution. Petitioner has not cited to the state court record indicating where he raised Claim 3 as a federal constitutional claim.

[6] As discussed above, procedural default may be excused by a showing of cause and prejudice. However, Petitioner does not make this showing as to Claim 3 or any other defaulted claim. Cause and prejudice are discussed in Section IV(B)(3), infra.

contest the lack of instruction was not "ineffective assistance of counsel." Petitioner argues that in fact his own testimony provided the support for such a self-defense jury instruction.

As noted above, counsel's assistance is effective if it is professionally unreasonable and there is a "reasonable probability" that counsel's errors affected the outcome of the trial. Importantly, counsel can not be found ineffective for failing to raise a meritless claim. Werts v. Vaugn, 228 F.3d 178, 203 (3d Cir. 2000).

The Court agrees with the R&R that the evidence presented at trial did not warrant a jury instruction on self-defense. A brief explanation of some facts in this case may prove helpful. Petitioner was convicted, in part, of causing a car accident on June 10, 2004, with a woman he allegedly assaulted on June 9, 2004. On June 10, 2004, the woman and her daughter were driving to the police station to report the June 9, 2004 alleged assault. Petitioner testified that he drove up next to their car and tried to make it stop. Petitioner testified that when he was not successful on one side of their car, he drove his car up to the other side of their car to try again. Ultimately, Petitioner's vehicle struck the other car on its side before striking a parked car and then crashing into a wall. See Superior Court Opinion (2004) at p. 2 (Doc. No. 5, Exh A).

Petitioner was convicted primarily of charges stemming from this car accident and has not illustrated how his testimony about the accident supports a jury instruction of self-defense. As set forth in the R&R, to establish self-defense in Pennsylvania, it must be shown that (a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; (b) the actor reasonably believed that he was in imminent danger of death or serious bodily injury and that there was a necessity to use such force to save himself and others; and (c)

the actor did not violate any duty to retreat or to avoid the danger. Commonwealth v. Harris, 665 A.2d 1172, 1174 (Pa. 1995). Again, Petitioner does not establish that his testimony as to the car accident would come close to satisfying this three-part test and supporting a self-defense instruction on the charges arising out of the car accident.

Petitioner may be referring to his testimony as to the alleged assault that occurred on June 9, 2004. Some of his testimony could conceivably have supported a self-defense instruction on that alleged assault; however, Petitioner was not found guilty of the June 9, 2004 alleged assault. Therefore, even if counsel erred by failing to object to a lack of self-defense instruction for the June 9, 2004 assault (and this Court does not conclude that he was), that error could not be prejudicial, because the jury did not find Petitioner guilty of the June 9, 2004 assault.

The Petitioner's objection will be overruled.

### 3.     Cause and Prejudice

As discussed above, this Court may not review procedurally defaulted claims unless Petitioner can illustrate a cause for the default and actual prejudice resulting from the default, or alternatively, unless Petitioner can show that failure to consider the claims will result in a fundamental miscarriage of justice. The R&R explains that Petitioner does not meet this showing, and Petitioner objects to this conclusion. Petitioner argues that he actually can demonstrate cause for the default and actual prejudice resulting from the default. To support his argument, Petitioner points to his pro se motion which he contends the trial judge ignored. Petitioner argues that the trial judge's refusal to accept his pro se motion constitutes cause and prejudice.

It is unclear how a trial judge's refusal to consider a <u>pro se</u> motion constitutes cause for procedural default. To show "cause," a petitioner must show a sufficient reason for not raising the contended issue on appeal in the state court system.[7] Petitioner does not explain why he did not present Claims 3, 4, and 5 to the Pennsylvania Superior Court on direct appeal and does not link the trial judge's refusal of his <u>pro se</u> motion to his procedural default. This Court agrees with the R&R that Petitioner does not demonstrate "cause and prejudice"[8] and therefore may not be excused for his procedural default.

### 4. Ineffective Assistance of Counsel for Failure to Investigate and Present Evidence Regarding the Car Accident

Toward the end of his Objections, Petitioner makes several arguments about ineffective counsel. Petitioner mostly contends that his counsel failed to investigate the car accident and failed to present evidence to the jury that would supposedly result from this investigation. Petitioner argues that he asked his counsel to have the brakes on his car checked and to submit evidence that Petitioner had an appointment to have his brakes fixed. According to Petitioner, his counsel was ineffective for failing to do those things. As noted above, these arguments do not directly object to the R&R, but the Court will nevertheless address them. The Court interprets them as Petitioner's objections to the R&R's treatment of his last ineffective assistance

---

[7] Examples of cause include: 1) a showing that the factual or legal basis for a claim was not reasonably available; 2) a showing that some interference by state officials made compliance with the state procedural rule impracticable; 3) attorney error that constitutes ineffective assistance of counsel. <u>Coleman</u>, 501 U.S. at 753-54.

[8] Because our analysis of cause disposes of the issue, we need not address whether prejudice has been demonstrated. <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986) (explaining that both cause and prejudice are necessary to excuse procedural default). It may be relevant to note, however, that Petitioner's Objections make no showing of prejudice.

of counsel claim (ineffective assistance for failure to argue or present evidence concerning the car accident or to investigate the same car accident).

As stated above, <u>Strickland v. Washington</u> governs ineffective assistance of counsel claims. To succeed on such a claim, a petitioner must show both that counsel's conduct was professionally unreasonable and that there is a "reasonable probability" that counsel's errors affected the outcome of the trial. Petitioner does not make this showing.

Petitioner does not illustrate how evidence regarding his car or the brakes on his car would illustrate that he is innocent of leaving the scene of an accident, criminal mischief and two counts of recklessly endangering another person. For example, Petitioner does not show how the car's brakes relate to why he left the scene of the accident. Furthermore, as to the charges of criminal mischief and reckless endangerment, Petitioner does not show how evidence of the car's faulty brake system would have resulted in a "not guilty" verdict. In fact, such evidence could potentially have hurt Petitioner's case since a jury could reasonably conclude that reckless driving with bad brakes is riskier than reckless driving with good brakes.

Petitioner has not indicated how the evidence he wanted his counsel to uncover and introduce would have affected the outcome of the trial. This Court therefore does not find that Petitioner's counsel was ineffective for not uncovering and introducing such evidence.

**V.     Conclusion**

For the reasons stated above, this Court adopts the R&R and denies Petitioner's Petition for Writ of Habeas Corpus. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE FLAGG, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No. 07-2175 |
| JAMES WYNDER, ET AL., | : | |
| *AND* THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF MONTGOMERY, | : | |
| *AND* THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA | : | |
| TOM CORBETT | : | |
| Defendants. | | |

**ORDER**

AND NOW, this   27th   day of March, 2008, for the reasons set forth above, it is hereby ORDERED that:

1.  the Report and Recommendation of Chief Magistrate Judge Charles B. Smith dated August 6, 2007 (Doc. No. 6) is APPROVED and ADOPTED;

2.  the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

3.  there is no probable cause to issue a certificate of appealability.

BY THE COURT:

  /s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\07-2175 Memo re Objections to R&R.wpd

-14-